IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY THOMAS GOLA, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-544-WKW-WC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Jeffrey Thomas Gola is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* CIV Doc. Nos. 2 and 6.[1]

## **I.  BACKGROUND**

On July 18, 2013, Gola pleaded guilty to an information charging him with using a computer to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2). CIV Doc. No. 17-1. The plea was entered under a plea agreement containing a waiver of Gola's right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. CR Doc. No. 8 at 6; CIV Doc. No. 17-1 at 12. On February 4, 2014, the district court sentenced Gola to 121 months in prison, to be

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 2:17cv544-WKW, are designated as "CIV Doc. No." References to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 2:13cr114-WKW, are designated as "CR Doc. No." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

followed by supervised release for life.  CIV Doc. No. 17-2.  The district court entered a judgment on February 12, 2014.  CR Doc. No. 32.  The judgment contained an order of restitution but deferred a ruling on the amount owed to the victims.[2]  *Id*. at 5–6.  On August 13, 2014, the district court entered an amended judgment stating that Gola owed $11,000 in restitution.  CR Doc. No. 52 at 5-6.  Gola did not appeal.

On July 25, 2017, Gola filed a *pro se* pleading with this court styled as a "Motion to Vacate a Void Judgment Pursuant to Fed.R.Crim.P. Rule 12.2(c) and Rule 51(b)."[3]  CIV Doc. No. 2.  In that motion, Gola presented claims that:

(1) the Federal Magistrates Act, 28 U.S.C. § 636, did not authorize the magistrate judge to conduct his guilty plea proceeding;

(2) he was not mentally competent to enter a guilty plea;

(3) his counsel was ineffective for failing to object to the magistrate judge's acceptance of his guilty plea;

(4) counsel was ineffective for failing to present facts about Gola's lack of emancipation from his parents; and

(5) counsel was ineffective for failing to argue evidence regarding Gola's mental and physical disabilities and his inability to understand his guilty plea or the nature of his offense.

CIV Doc. No. 2.

---

[2] In his written plea agreement, Gola agreed to pay for the costs his victims incurred for mental health treatment.  CR Doc. No. 8 at 5.

[3] Although Gola's motion was stamped as received in this court on July 28, 2017, under the "prison mailbox rule," the court deems his motion filed on the date he says he placed it in the prison mailing system, July 25, 2017.  CIV Doc. No. 2 at 48.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Because Gola's motion presented claims challenging his conviction and sentence, this court entered an order advising him of its intention to recharacterize his pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and provided him with the notice and warnings required by *Castro v. United States*, 540 U.S. 375 (2003).[4] CIV Doc. No. 5.

On August 25, 2017, in response to this court's "*Castro* order," Gola submitted a standard form for § 2255 motions in which he set forth various claims challenging his conviction and sentence. CIV Doc. No. 6. Some of these claims repeated claims contained in Gola's original filing and others were new claims, including allegations that (1) the warrantless search of Gola's computer by the National Center for Missing and Exploited Children ("NCMEC") violated his Fourth Amendment rights; (2) his counsel was ineffective for failing to challenge the warrantless search of his computer; (3) counsel failed to advise him of his appeal rights or to help him with an appeal; (4) counsel was ineffective for failing to object to the court's denial of a mental health expert to "translate Dr. Kirkland's [psychiatric] evaluation" and have an expert help with the defense strategy; (5)

---

[4] In *Castro*, the Supreme Court held that when a district court recharacterizes a *pro se* pleading as an initial § 2255 motion, the district court must do the following:

> (1) notify the *pro se* litigant that it intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

540 U.S. at 383.

3

counsel was ineffective for failing to "seek the advice of Dr. Larry Epperson, a neurologist who has been seeing Mr. Gola for 20 years." CIV Doc. No. at 4–8.

This court understood Gola's August 25, 2017 submission to be his notice that he wished to proceed under 28 U.S.C. § 2255 and construed the filing as Gola's amendment to his § 2255 motion asserting additional claims under § 2255. *See* CIV Doc. No. 9 at 2. Accordingly, the court directed the Government to file a response to Gola's § 2255 motion as amended addressing the applicability of 28 U.S.C. § 2255(f)'s one-year limitation period. *Id.*

The Government has filed a response in which it argues that Gola's § 2255 motion is time-barred under the one-year limitation period and that his claims are therefore not subject to review on the merits. CIV Doc. No. 17. Gola, however, maintains he is entitled to equitable tolling of the limitation period, and to have his claims reviewed, on the theory that his mental and physical disabilities prevented him from timely filing his § 2255 motion.[5] The Government argues that Gola establishes no causal link between his alleged mental and physical disabilities and his failure to file a timely motion.[6] As discussed below, this court agrees with the Government that Gola's § 2255 motion is untimely and finds that Gola has established no basis for equitable tolling. Consequently, the court recommends that Gola's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

---

[5] *See* CIV Doc. No. 2 at 47; CIV Doc. No. 6 at 12; CIV Doc. No. 12 at 2–4; CIV Doc. No. 19.

[6] *See* CIV Doc. No. 17 at 2–5.

## II.       DISCUSSION

### A.       The Statute of Limitations

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where, as here, the provisions of § 2255(f)(2)–(4) do not apply,[7] AEDPA's limitation period is triggered by the finality of the judgment of conviction at issue. 28 U.S.C. § 2255(f)(1). Gola did not file a direct appeal. Where a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final (and the statute of

---

[7] Gola makes no claim that any provisions in § 2255(f)(2)–(4) apply in his case, and this court finds no basis for using those statutory provisions to determine the limitation period in Gola's case.

5

limitations begins to run) when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, a defendant has 14 days from the district court's entry of the judgment of conviction to file an appeal. *See* Fed.R.App.P. 4(b)(1)(A). In Gola's case, the district court's amended judgment was entered on August 13, 2014. Because Gola took no appeal, that judgment became final on August 27, 2014. Under 28 U.S.C. § 2255(f)(1), Gola had until August 27, 2015, to file his § 2255 motion. He filed his § 2255 motion on July 25, 2017—698 days (more than 23 months) after expiration of AEDPA's one-year limitation period. However, Gola argues he is entitled to equitable tolling and that this court should review the merits of his claims.

### B. Equitable Tolling

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "Equitable tolling is an extraordinary remedy that is typically applied sparingly." *Wade v.*

*Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Here, Gola asserts that his mental and physical disabilities prevented him from filing a timely § 2255 motion and that he is entitled to equitable tolling on this basis.[8] According to Gola, he (1) has experienced mental and learning disabilities since birth; (2) has intellectual functioning in the range of borderline mental retardation; (3) requires guardianship and, when convicted at the age of 47, had never been emancipated from his parents; (4) has a limited understanding of legal theories and procedures; (5) suffers from epilepsy and has suffered numerous grand mal seizures while imprisoned; (6) has "impaired visuospatial abilities"; and (7) is very susceptible to stress. CIV Doc. No. 6 at 12; CIV Doc. No. 12 at 3; CIV. Doc. No. 19 at 2–3. All these factors, Gola says, contributed to his inability to file a timely § 2255 motion.

Gola submits a copy of the court-ordered psychiatric evaluation he underwent in October 2013 (after entry of his guilty plea and before his sentencing), which Gola asserts supports a factual showing that his mental and physical disabilities prevented him from filing a timely § 2255 motion. CIV Doc. No. 2-3 (also CR Doc. No. 25). Gola represents that his arguments supporting equitable tolling (and his claims for § 2255 relief) have been prepared by and presented through an "inmate paralegal/proxy guardian" named Steven Deem. CIV. Doc. No. 47; *see also* CIV Doc. No. 4 at 1; CIV Doc. No. 12 at 19; CIV Doc. No. 19 at 8. In the pleadings filed with this court, Deem recounts his interactions with and

---

[8] CIV Doc. No. 2 at 47; CIV Doc. No. 6 at 12; CIV Doc. No. 12 at 2–4; CIV Doc. No. 19.

observations of Gola while in federal prison that purportedly substantiate the contention that Gola's mental and physical disabilities kept him from filing a timely § 2255 motion.

A petitioner's mental incapacity may support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). However, the petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D. N.Y. 2000).

*Hunter, supra*, establishes that a person with substantial mental retardation may be granted an exception to filing within AEDPA's one-year limitations period. The question is whether a petitioner "has presented sufficient evidence to create a factual issue as to [this] causal connection." *Hunter*, 587 F.3d at 1308. In *Lawrence, supra*, the petitioner's documentation through medical reports of a full scale IQ of 81 and contention he had "suffered from mental impairments his entire life," alone, were "insufficient to justify equitable tolling" because they did not establish a factual issue as to the causal connection between the petitioner's alleged mental incapacity and his ability to timely file his petition. *Lawrence*, 421 F.3d at 1226–27. Similarly, in *Mendez v. United States*, 2011 WL 5555876, at *6 (M.D. Fla. 2011), the district court found that neither the § 2255 petitioner's presentence investigation report nor his medical records, "which indicate[d] that he may

8

have suffered from mental impairments his entire life," were sufficient to justify equitable tolling.

In *Hunter*, the court found that the doctor's report "strongly suggests that Hunter's well-documented, irreversible mental retardation is severe enough that Hunter, by himself, is not able to understand and comply with the AEDPA's filing requirements and deadlines." *Hunter*, 587 F.3d at 1309. The court noted that:

> In the district court, Hunter submitted Dr. Maier's 1997 competency report, which, as recounted above, showed that: (1) Hunter was diagnosed with chronic, irreversible mental retardation; (2) he has a full scale IQ score of 59, which is at the low-end of the mildly retarded range; (3) his IQ is lower than ninety-nine percent of the population; (4) his mental retardation moderately to severely impairs his judgment, insight and problem-solving skills, which makes him unable to function independently; (5) he is illiterate; and (6) he suffers from severe expressive speech aphasia which makes it difficult for him to communicate intelligibly. In addition, although Dr. Maier ultimately concluded in 1997 that Hunter was "borderline" competent to stand trial, Dr. Maier's opinion hinged on Hunter's prior experience with the criminal justice process and *the fact that Hunter would have access to an attorney who could adequately represent and educate him*. Indeed, Dr. Maier noted that ordinarily someone with Hunter's mental condition would not have sufficient understanding to be considered competent and that he only found Hunter competent because he was "court wise" *and would have access to adequate legal counsel*.

587 F.3d at 1308–09 (emphasis in original). Thus, the court in *Hunter* found that an evidentiary hearing was necessary because the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a factual issue as to whether his mental impairment affected his ability to timely file a federal petition. 587 F.3d at 1309–10.

The facts in Gola's case contrast with those in *Hunter*. In the psychiatric evaluation submitted before Gola's sentencing, Dr. Karl Kirkland stated that an evaluation of Gola he

9

conducted in 2006 for a social security disability determination[9] indicated Gola had a verbal IQ of 87, a performance IQ of 75, and a full-scale IQ of 79. CIV. Doc. No. 2-3 at 7. Dr. Kirkland stated that his October 2013 assessment of Gola indicated that Gola's current scores appeared to be in the same range as his 2006 scores. *Id*. Dr. Kirkland opined that although Gola's intellectual functioning was in the range of borderline mental retardation, "[h]is academic achievement scores show reading and spelling at a high school level. Therefore, he [is] . . . capable of vocational and technical school training at the junior college level." *Id*. at 7–8. In his competency assessment of Gola, Dr. Kirkland concluded Gola was capable of understanding the charges against him, the range of sentencing options based on the guidelines, and the terms of his plea agreement and that he possessed the requisite understanding to communicate with and assist his attorney in an active defense. *Id*. at 6–7. Dr. Kirkland therefore recommended that Gola's case proceed toward hearing, disposition, and/or trial. *Id.*

Thus, unlike with the petitioner in *Hunter*, Gola's psychiatric evaluation did not diagnose Gola with chronic, irreversible mental retardation; did not find Gola could not function independently; did not find Gola was illiterate; and did not find Gola was suffering from a physical condition that made it difficult for him to communicate intelligibly. Further, unlike in *Hunter*, Dr. Kirkland's determination that Gola was able to communicate

---

[9] Dr. Kirkland's psychiatric evaluation indicated that, as a result of the social security screening conducted in 2006, Gola was granted social security disability benefits in a hearing in January 2009, where he was found to be disabled from August 2007 because of seizure, arthritis, learning disorder, and cognitive disorder. CIV. Doc. No. 2-3 at 7. These matters are also referenced in Gola's presentence investigation report ("PSI"). CR. Doc. No. 43 at 8.

with his attorney and understand the proceedings against him was not conditioned on a finding that Gola was deemed competent only because he was "court wise" from prior experience with the criminal process and his counsel could educate him about the current proceedings.

The transcript of Gola's February 2014 sentencing hearing reflects that Gola was literate and coherent at the proceedings, as evidenced by his reading of a letter to the court expressing remorse for his offense and asking for some measure of leniency (CIV Doc. No. 17-2 at 7–9), and by his subsequent conversation with the court regarding the medication he was taking for his epilepsy (*id.* at 10–11). Gola offers nothing to indicate that his mental faculties deteriorated after his sentencing hearing and therefore caused him to be unable to file his § 2255 motion for more than three years. Further, although Gola now asserts that his mental and physical issues caused his failure to file a § 2255 motion within the required one-year period, he also states he believed that, under the waiver provision in his plea agreement, he had given up his right to appeal or collaterally attack his conviction and that "[o]nly by his cellie insisting on 'checking' his paperwork for errors was Mr. Gola able to bring some errors to the court's attention." CIV. Doc. No. 2 at 3. This statement by Gola suggests that the more likely reason for his waiting so long to file a § 2255 motion is that he did not believe he had a basis for a § 2255 motion, or he simply did not wish to file such a motion. Indeed, based on representations that Gola's § 2255 claims and his arguments for equitable tolling have been prepared and presented by Steven Deem, Gola's "cellie," who has designated himself as Gola's "inmate paralegal/proxy guardian," it appears that

Gola's pursuit of collateral relief is being driven largely by Mr. Deem and amounts to an effort to revive collateral review after Gola chose not to seek such review during the period in which AEDPA's one-year statute of limitations ran and expired.

Finally, while the discussion above focuses on Gola's claims about his mental disabilities, the court notes that Gola also alleges that his physical disabilities, particularly his epilepsy, prevented him from filing a timely § 2255 motion.[10]  Although Gola asserts that he suffered numerous grand mal seizures stemming from his epilepsy while serving his sentence, he fails to establish a causal connection between his epilepsy and his failure to timely file his motion; that is, he does not show how his epilepsy or any other physical disabilities he may have had prevented him from filing a § 2255 motion during the entire time AEDPA's one-year limitation period ran.

Gola's equitable tolling arguments fail to demonstrate that the untimely filing of his § 2255 motion was due to extraordinary circumstances both beyond his control and unavoidable even with diligence. Therefore, Gola is not entitled to equitable tolling.

---

[10] Dr. Kirkland's psychiatric examination indicates that Gola:

> has a history of a traumatic birth that resulted in anoxia during the birth process resulting in some central nervous system damage.  He was diagnosed with epilepsy at the age six months.  He was placed in special education services very early.  This examiner reviewed all his school records and they contain numerous references to his learning problems.  He has been diagnosed with a generalized seizure disorder all his adult life.  He eventually was approved for social security disability and was receiving social security disability at the time of his arrest in this matter.

CIV. Doc. No. 2-3 at 4.  *See also* PSI, CR. Doc. No. 43 at 8.

Because Gola's § 2255 motion is time-barred under the one-year limitation period and equitable tolling does not apply, his claims are not subject to review on the merits.[11]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Gola be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 5, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

---

[11] Even if Gola's claim (CIV Doc. No. 2 at 46) that the Federal Magistrates Act, 28 U.S.C. § 636, did not authorize the magistrate judge to conduct his guilty plea proceeding constitutes a jurisdictional claim not subject to AEDPA's time-bar, the claim entitles Gola to no relief because it lacks merit. In support of the claim, Gola cites the Seventh Circuit Court of Appeals' decision in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), where that court held that a United States Magistrate Judge is not permitted to accept a guilty plea in felony cases and adjudicate a defendant guilty. *See* 758 F.3d at 891–92. However, the Seventh Circuit's ruling conflicts with the majority of circuit courts who have ruled on this issue, including the Eleventh Circuit. *See United States v. Woodard*, 387 F.3d 1329, 1332–33 (11th Cir. 2004) (holding that magistrate judges have statutory and constitutional authority to accept felony guilty pleas); *Harden*, 758 F.3d at 891 (acknowledging a split from the Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal). The decisions of the Seventh Circuit Court of Appeals are not controlling in this matter; however, the decision of the Eleventh Circuit in *Woodard* is. With the exception of the Seventh Circuit in *Harden*, every court to have examined this issue has held that (1) the Federal Magistrates Act, 28 U.S.C. § 636, authorizes a magistrate judge, with the defendant's consent, to conduct Fed.R.Crim.P. 11 guilty plea proceedings, and (2) the statutory grant is not an impermissible usurpation of Article III powers, U.S.C.A. Const. Art. 3, § 1 et seq. *See Woodard*, 387 F.3d at 1331 (citing cases). Gola expressly consented to the magistrate judge's conducting his plea colloquy. *See* CR Doc. No. 7; CIV. Doc. No. 17-1 at 4-5.

Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of April, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE