IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY THOMAS GOLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-544-WKW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 21, 2020, the Magistrate Judge filed a Recommendation (Doc. # 64) that Petitioner Jeffrey Gola's *pro se* motion and amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docs. # 2, 6) be denied. Petitioner did not object to the Recommendation. However, he did timely object (Doc. # 62) to a previously filed, but now withdrawn, Recommendation that was substantially the same as the present Recommendation (Doc. # 61). In the interest of justice, the court will address Petitioner's objections as if they were filed to the most recent Recommendation. Upon an independent and *de novo* review of the portions of the Recommendation to which Petitioner has objected, *see* 28 U.S.C. § 636(b), Petitioner's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted with modifications.

Petitioner raises two objections.  He first objects, (Doc. # 62, at 1–2), to the Magistrate Judge's alternative finding that Mr. Gola's claim "that the Federal Magistrates Act, 28 U.S.C. § 636, did not authorize the magistrate judge to conduct his guilty plea proceeding . . . lacks merit," (Doc. # 64, at 13 n.11).  For the reasons stated in the Recommendation, that objection is due to be overruled.  *See United States v. Woodard*, 387 F.3d 1329, 1332–33 (11th Cir. 2004).

Petitioner also objects, (Doc. # 62, at 2–4), to the Magistrate Judge's recommendation that Mr. Gola's case is untimely and that equitable tolling does not apply, (Doc. # 64, at 6–13).  Petitioner's objection asserts the existence of a variety of physical and mental health conditions, most of which were presented to and considered by the Magistrate Judge.  (*See* Doc. # 62, at 2, 3 (listing disabilities); Doc. # 64, at 7 (summarizing the mental and physical disabilities presented to the Magistrate Judge).)  The conditions that Mr. Gola offers for the first time are not supported by any citations to evidence, and Petitioner still fails to explain how any of his conditions may have prevented him from filing during the *entire* one-year limitation period.  Mr. Gola's objection that these conditions warrant equitable tolling are generally meritless for the reasons stated in the Recommendation, but one point requires further discussion.

In his objection, Mr. Gola claims, for the first time and without supporting documentation, that Steven Deem has been *officially* appointed by Ms. Jeanie Gola

2

(Petitioner's sister) and by a Federal Bureau of Prisons physician to serve as Mr. Gola's "proxy-guardian and inmate companion, as well as[] his legal advisor and conductor of his post[-]trial [collateral] relief." (Doc. # 62, at 2.) This statement is at odds with Mr. Deem's May 8, 2017 affidavit, in which Mr. Deem states, "I have become, in a sense, [Mr. Gola's] proxy guardian, not by appointment by the BOP, but because of necessity of human decency, and to appease my own sinse [sic] morality." (Doc. # 2-7, at 2.) Mr. Gola argues that he was unable to "pursue his legal rights" at any point "before the appointment of his proxy-guardian." (Doc. # 62, at 3.) Notably, Mr. Gola does not state the date upon which this alleged appointment occurred. Mr. Deem's alleged appointment cannot be recognized as authentic upon this bare assertion.

Even if this assertion were true and if Mr. Gola could not file a habeas petition before Mr. Deem entered his life, Mr. Gola's claim for tolling would be unavailing. Mr. Deem's affidavit states that he and Mr. Gola became "cellies" on or about December 1, 2014. (Doc. # 2-7, at 2.) Contrary to the Recommendation, (Doc. # 64, at 6), the statute of limitations period began to run on February 27, 2014, the date upon which the judgment authorizing Petitioner's confinement became final,[1] not

---

[1] Pursuant to Federal Rule of Appellate Procedure 4, Petitioner's conviction became final fourteen days after the written judgment was entered on the docket. Fed. R. App. P. 4(b)(1)(A), (6) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. . . . (6) A judgment or order is entered for purposes of

the date upon which his modified restitution order became final. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) ("A petition is not second or successive if it challenges a 'new judgment' issued after the prisoner filed his first petition, but the new judgment must be a 'judgment authorizing the prisoner's confinement.'" (quoting *Magwood v. Patterson*, 561 U.S. 320, 324, 332 (2010))); *id.* at 1326–27 ("The relevant question is not the magnitude of the change [to Petitioner's sentence], but the issuance of a new judgment *authorizing* the prisoner's confinement.); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (indicating, in a 28 U.S.C. § 2244 case, that the Antiterrorism and Effective Death Penalty Act's provisions regarding second or successive petitions and regarding the statute of limitations use the same definition of "judgment"); *see also Manrique v. United States*, 137 S. Ct. 1266, 1273 (2017) ("[D]eferred restitution cases involve two appealable judgments, not one."). Therefore, Mr. Gola had access to Mr. Deem's services for just under three months of the one-year period, which undercuts Mr. Gola's claim that he diligently pursued his rights and that extraordinary circumstances prevented him from timely filing during that time span.

---

this Rule 4(b) when it is entered on the criminal docket."). Petitioner's judgment was signed on February 12, 2014, but was not entered until the following day. *United States v. Jeffrey Thomas Gola*, No. 2:13-cr-114-WKW, Doc. # 32 (criminal judgment).

4

Even if the limitations period were tolled until the date that Mr. Gola filed his first postconviction motion, July 6, 2016, or his second postconviction motion, July 23, 2016, the one-year period would have run before Mr. Gola filed this action on July 25, 2017.[2] *See United States v. Jeffrey Thomas Gola*, No. 2:13-cr-114-WKW, Docs. # 53, 55 (containing the first and second postconviction motions). In light of this evidence and for the reasons stated in the Recommendation, Mr. Gola has not alleged specific facts which, if true, would establish that he pursued his rights diligently nor that extraordinary circumstances prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). He is not entitled to equitable tolling or to an evidentiary hearing.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 64) is ADOPTED with modifications;

2. Petitioner's objections (Doc. # 62) are OVERRULED;

3. Petitioner's motion and amended motion under 28 U.S.C. § 2255 (Docs. # 2, 6) are DENIED.

---

[2] Under the "prison mailbox rule" and absent evidence to the contrary, the court deems Mr. Gola's motions filed on the dates he signed them. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. Absent evidence to the contrary in the form of prison logs or other records, we will assume that Washington's motion was delivered to prison authorities the day he signed it, October 6, 1998.") (internal citation omitted).

A final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 2nd day of June, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE